IN THE UNITED STATES DISTRICT COURT AT TRENTON
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Mrs. Alice O'Brien | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| The Pain and Surgical Center of Langhorne<br>Dr. Phillip Sasso | : | |
| Defendants | : | |

## NOTICE OF REMOVAL

Defendants, The Pain and Surgical Center of Langhorne and Philip Sasso, M.D. (incorrectly identified as "Doctor Phillip Sasso"), pursuant to 28 U.S.C. §§ 1332 and 1441, hereby give notice of their removal of this action to this Court. In support of removal, Defendants aver as follows:

1. On May 31, 2011, Plaintiff, Alice O'Brien, filed a complaint in the Superior Court of New Jersey, Law Division, Ocean County, Docket No.: L-1905-11. A true and correct copy of Plaintiff's Civil Actions Summons, Complaint and Jury Demand, Civil Case Information Statement, and Track Assignment Notice, as received by Defendants, are attached hereto as Exhibit "A."

2. Plaintiff served Defendants with the Civil Actions Summons, Complaint and Jury Demand, Civil Case Information Statement, and Track Assignment Notice on June 16, 2011 by facsimile. See Exhibit A, p. 1.[1]

---

[1] Service in this manner is not proper under either state or federal rules. See N.J.R. 4:4-3(a); Fed. R. Civ. P. 4(c) and (d). Moreover, Plaintiff did not request that Defendants waive service. Nonetheless, without consenting to personal jurisdiction, Defendants waive service.

1

3.      Plaintiff alleges that she fell and suffered injuries on May 28, 2009 at The Pain and Surgical Center of Langhorne.  She asserts causes of action against Defendants sounding in both ordinary and professional negligence.  See Exhibit A.

## Complete Diversity of Citizenship Exists

4.      Plaintiff is a citizen of the State of New Jersey.  See Exhibit A, ¶ 1.

5.      Plaintiff alleges that both defendants maintain addresses at 820 Town Center Drive, Suite 200, Langhorne, Bucks County, Pennsylvania, 19047.  See Exhibit A, ¶¶ 2-3.

6.      Dr. Sasso is a citizen of the Commonwealth of Pennsylvania.  He maintains his principle residence in the Commonwealth of Pennsylvania and intends to reside in the Commonwealth of Pennsylvania.

7.      The Pain and Surgical Center of Langhorne is a fictitious name used by Pain Management Centers of America, LLC.  Pain Management Centers of America, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

8.      Pain Management Centers of America, LLC has the following members: Interventional Pain Consultants, LLC; Surgical Network, Inc.; Abington Memorial Hospital; Michael Mateo, M.D.; Juan Anigati, M.D.; Randy Lamberg, M.D.; Peter Vacca, M.D.; Patrick Fall, D.O.; and Sanjay Shah, M.D.

9.      Interventional Pain Consultants, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

10.     Interventional Pain Consultants, LLC has the following members: Scott Rosenthal, D.O.; Jeremy Jaffe, M.D.; and Dr. Sasso.

11. Dr. Rosenthal and Dr. Jaffe are citizens of the Commonwealth of Pennsylvania. They maintain their principle residences in the Commonwealth of Pennsylvania and intend to reside in the Commonwealth of Pennsylvania.

12. Surgical Network, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

13. Abington Memorial Hospital is a non-profit corporate entity organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

14. Dr. Mateo, Dr. Anigati, Dr. Lamberg, Dr. Vacca, Dr. Fall, and Dr. Shah are citizens of the Commonwealth of Pennsylvania. They maintain their principle residences in the Commonwealth of Pennsylvania and intend to reside in the Commonwealth of Pennsylvania.

15. The citizenship of the individuals and entities described above existed both at the time Plaintiff filed her Complaint in state court and now as Defendants file this Notice of Removal.

16. Accordingly, the citizenship of Plaintiff and Defendants is completely diverse.

**The Amount In Controversy Exceeds $75,000**

17. Where a plaintiff's complaint, in good faith, sets forth the alleged monetary value of her alleged damages, the federal district court must give great deference to this sum when determining the amount in controversy. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the

plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

18.     In this matter, consistent with New Jersey state pleading practice, Plaintiff's Complaint does not state the alleged monetary value of her alleged damages.  <u>See</u> Exhibit A.

19.     For the purposes of determining the amount in controversy, the allegations set forth in Plaintiff's Complaint must be accepted as true.

20.     Plaintiff's Complaint alleges that:

> 6) Mrs. O'Brien then fell dislocating her shoulder and suffering abrasions to her face.
>
> 12) As a proximate result of the ordinary negligence, as well as the breach of the applicable standards of medical care (professional negligence) by The Pain and Surgical Center of Langhorne and Dr. Sasso, the Plaintiff suffered: (1) a dislocated shoulder and abrasions to her face (2) enormous pain (3) great emotional distress and (4) enormous inconvenience including the inability to tend to her household needs during a 3 month period.

Exhibit A, ¶¶ 6, 12.

21.     According to Plaintiff's Complaint, following her fall on May 28, 2009, Plaintiff was brought to "St. Mary's Hospital."  Thereafter, she received physical therapy for over three months, until the first week of September, 2009.  Exhibit A, ¶¶ 9-10.

22.     Plaintiff's Complaint further alleges that the failure of Defendants to provide her with adequate supervision, first aid, and treatment was "an intentional and reckless omission." Exhibit A, ¶¶ 15, 19.

23.     Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and costs.  Exhibit A, ¶¶ 16, 20, 24, 28.

24.     While Plaintiff's Complaint does not state the alleged monetary value of her alleged damages, counsel for Plaintiff has explicitly expressed, by way of settlement demand, that the amount in controversy exceeds $75,000.

25.     On May 25, 2011, Alfred DeGennaro, Esquire, counsel for Plaintiff, wrote to Curtis J. Mellott, Senior Claims Examiner for HPIX, Defendants' insurance carrier, that Plaintiff demanded $75,000 for Plaintiff's non-economic damages alone:

> Her record keeping is somewhat disorganized and at this time I am not aware of any specific liens asserted. However the demand of $75,000 would be for pain, suffering , and inconvenience only and therefore a release would exclude health insurers, medical providers, etc. for claims and subrogation.

A true and correct copy of the electronic mail correspondence from Alfred DeGennaro, Esquire to Curtis J. Mellot is attached hereto as Exhibit "B."

26.     Plaintiff's $75,000 demand was exclusive of the costs for Plaintiff's medical care[2] and Plaintiff's claim for punitive damages.  See Exhibit B.

27.     Cleary when the costs for Plaintiff's medical care and Plaintiff's claim for punitive damages are added to the claimed value of Plaintiff's pain and suffering, the amount in controversy in this matter – by Plaintiff's own opinion – exceeds $75,000.

28.     Furthermore, Plaintiff's demand was made prior to the filing of Plaintiff's Complaint.  It is not uncommon for claims to be settled pre-suit at a discount to the settlement value of a claim after a complaint is filed.  As of May 25, 2011, when the demand was made, Plaintiff had incurred no discovery costs or filing fees.

---

[2] As Plaintiff's Complaint indicates that she was 87 years-old at the time of the alleged negligence, Plaintiff's hospital treatment and physical therapy were very likely paid for by Medicare.  As implied by Mr. DeGennaro, it is also very likely that the Centers for Medicare & Medicaid Services, when informed of Plaintiff's action against Defendants, will seek reimbursement of these costs by asserting a lien against Plaintiff's potential recovery.  See Exhibit B.  Plaintiff, if negligence is proven, will be able to recover these medical costs at trial.  Accordingly, it is appropriate to include these sums in the calculation of the amount in controversy.

5

29. Further, the settlement value of a claim, up to the moment when a jury returns its verdict, is often steeply discounted to the judgment value of a claim. Many variables affect the discount afforded to the settlement value of a claim, including the probability of a defense verdict.

30. For these reasons, Plaintiff's partial settlement demand of $75,000 is likely significantly less than the ultimate judgment value of the claim asserted in Plaintiff's Complaint, and, therefore, the amount in controversy.

31. Given the silence of Plaintiff's Complaint on this issue, Plaintiff's demand, including its exclusions and context, should be afforded the deference given to a sum claimed in a plaintiff's complaint.

32. Due to the nature of Plaintiff's alleged injuries, including a dislocated shoulder and subsequent treatment and therapy, and Plaintiff's partial settlement demand of $75,000, the amount in controversy exceeds $75,000.

**Removal Jurisdiction Exists And Removal Is Proper**

33. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of Defendants' receipt of Plaintiff's Complaint, the initial pleading, on June 16, 2011.

34. Removal is proper pursuant to 28 U.S.C. § 1441(b) in cases where "the district courts have original jurisdiction." This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.

35. This Notice of Removal meets all requirements set forth in 28 U.S.C. § 1446(b), including the attachment of a copy of all process, pleadings, and orders served upon Defendants in the underlying state court proceedings. See Exhibit A.

36. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of New Jersey, Law Division, Ocean County.

37. Undersigned counsel represents all Defendants and files this Notice of Removal on behalf of all Defendants.

38. Nothing in this Notice of Removal shall be deemed to constitute waiver of personal jurisdiction by Defendants.

Respectfully submitted,

**O'BRIEN & RYAN, LLP**

s/Jeffrey P. Brien
ANTHONY P. DeMICHELE
JEFFREY P. BRIEN
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA  19462
(610) 834-8800
ademichele@obrlaw.com
jbrien@obrlaw.com
*Attorneys for Defendants,*
The Pain and Surgical Center of Langhorne and Philip Sasso, M.D.

Dated: July 18, 2011